UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT C. NIEPSUJ, | ) | CASE NO. 5:17cv687 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| OFFICE OF ADMINISTRATIVE JUDGE, SUMMIT COUNTY DOMESTIC RELATIONS COURT, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Vincent C. Niepsuj brings this civil rights action under 42 U.S.C. § 1983 against defendants Office of Administrative Judge of the Summit County Domestic Relations Court and Office of the Chief Justice of the Ohio Supreme Court.

Plaintiff's complaint contains minimal, and unclear, factual allegations. He appears to allege he was the subject of a 2001 *ex parte* civil protection order (CPO). He pleaded no contest to disorderly conduct, and subsequently had supervised visitation with his children. A 5-year consent decree, containing a CPO, was issued by the Summit County Court of Common Pleas Domestic Relations Division. It was subsequently renewed.[1]

The thrust of the complaint is plaintiff's general view of Ohio Rev. Code § 3113.31, which governs CPOs. He states the Ohio law does not provide sufficient notice required by due process, and that protection orders unduly burden "normal, non-offensive, civil speech." (Doc. No. 1 (Complaint ["Compl."]) at 7.) He also contends that full CPO hearings are

---

[1] Plaintiff's allegations are not set forth sequentially, but the CPO's renewal may well be related to his 2006 conviction for Menacing by Stalking, for which he received a term of imprisonment. *See State v. Niepsuj*, Summit County Common Pleas No. CR-2006-0301036, https://www.cpclerk.co.summit.oh.us/Dockets.

deficient because potential witnesses and documentary exhibits are not made known to the parties ahead of time. Plaintiff believes that the "philosophy of the protection order system in Ohio is absolutely entirely wrong [because] it gives little to no acknowledgment of the good in people and their ability to have wholesome, meaningful exchange and inter-personal (sic) in their social spheres." (*Id.* at 12.)

Plaintiff asserts the restrictions placed on him by CPOs have violated his First Amendment right to freedom of speech and his Fourteenth Amendment right to due process. He asks that Ohio, "following New York State's lead," institute 'non-offensive contact' protection orders[.]" (*Id.* at 13.) He also seeks an order requiring Ohio to provide mediation areas where parties can discuss parameters of a consent agreement CPO. (*Id.*)

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of subject matter jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). Plaintiff's scant, confusing factual allegations and his conclusory legal assertions simply do not suggest he might have a valid claim for relief.

Accordingly, this action is dismissed.

**IT IS SO ORDERED**.

Dated: May 25, 2017

HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE